# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MATTHEW HOUSTON,

    Petitioner,

v.

SECRETARY JAMES DZURENDA, et al.,

    Respondents.

Case No. 2:19-cv-01360-RFB-VCF

**ORDER**

## I. INTRODUCTION

Before the Court are Petitioner Matthew Houston's ("Petitioner") Motion for Submission of Declaratory Statements, Motion for Production of Complete Files, Motion for Recognition of Cognizability, Motion to Reopen Case, Motion for Reconsideration, and Motion for Preliminary Injunction. ECF Nos. 17 – 22. For the following reasons, the Court denies all motions.

## II. BACKGROUND

Petitioner filed a petition for habeas corpus on August 6, 2019. He subsequently filed a motion for a preliminary injunction and a temporary restraining order on August 22, 2019. ECF Nos. 3,4. On October 8, 2019, this Court dismissed the action as moot in light of information from the Nevada Department of Corrections indicating that Petitioner had been paroled and that Petitioner's current address is in Iowa. Petitioner has now filed the instant motions seeking, *inter alia*, for the Court to reopen and reconsider the case and for monetary damages stemming from what Petitioner alleges was unlawful confinement.

### III. LEGAL STANDARD

#### a. Preliminary Injunctions

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the Petitioner is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a Petitioner must establish four elements: "(1) a likelihood of success on the merits, (2) that the Petitioner will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a Petitioner can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the Petitioner's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

#### b. Standard for Release Pending Resolution of a Habeas Corpus Petition

Habeas corpus is the proper proceeding in which to challenge the legality or duration of confinement. 28 U.S.C. §§ 2241 – 2255; Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991). The Ninth Circuit has not explicitly ruled on the question of whether a district court has inherent power, derived from the power to issue the writ of habeas corpus itself and the habeas corpus statutes, to direct the release of a state prisoner on his or her own recognizance or on a surety pending resolution of the federal habeas petition. In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001). However the Ninth Circuit has found that if a district court did have such power, the court could only grant release if the petitioner has shown that he has an extraordinary case involving special

circumstances or a high probability of success. Id. at 1080, quoting Land v. Deeds, 878 F.2d 318 (9th Cir. 1989).

### c. Motion for Reconsideration

The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted).

## IV. DISCUSSION

The Court denies all of Petitioner's motions. Nevada Department of Corrections records continue to indicate that Petitioner has been paroled. Nowhere in any of the subsequent motions that Petitioner has filed does he indicate that he is currently incarcerated. While a petition for habeas corpus is not necessarily moot so long as the petitioner was incarcerated or in custody at the time the petition was filed, for the habeas petition to continue to present a live controversy, there must be remaining collateral consequences that may be redressed by success on the petition. Abadala v. I.NS., 488 F.3d 1061, 1064 (9th Cir. 2007). Petitioner has alleged no such collateral consequences in any of these documents.

Furthermore, Petitioner does not specify what injunctive relief he seeks in his motion for a preliminary injunction, which although titled a motion for preliminary injunction, appears to primarily be a motion for reconsideration supplemented with a new petition for habeas corpus. This case has already been closed, and so the Court does not grant petitioner leave to amend his petition for habeas corpus. Additionally, Petitioner raises some claims regarding conditions of

confinement that should be raised in a civil rights action pursuant to 42 U.S.C. § 1983, rather than through habeas.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

Finally, the Court finds that there are no highly unusual circumstances warranting granting of a motion for reconsideration of its previous order dismissing the habeas petition as moot.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Preliminary Injunction re [15] Order (ECF No. 22) is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 21) is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Reopen Case (ECF No. 20) is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Recognition of Cognizability in all Cases (ECF No. 19) is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Production of Complete Files (ECF No. 18) is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Submission of Declatory Statements (sic) (ECF No. 17) is denied.

DATED: November 4, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**