# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MATTHEW HOUSTON,

                Petitioner,

v.

JAMES DZURENDA, et al.,

                Respondents.

Case No. 2:19-cv-01360-RFB-VCF

**ORDER**

On August 6, 2019, Petitioner Matthew Houston filed a document titled "Federal Tort Claim" where he claimed he was kept in prison past his parole date for his DUI conviction. (ECF No. 1-1.) Houston also filed a motion for a preliminary injunction, a motion for a temporary restraining order, a motion to add defendants, a motion to extend time to file an IFP application, a motion to extend time for continuation of case, a motion to compel, a declaration, another declaration, and a notice of formal demand. (ECF Nos. 3, 4, 5, 6, 7, 10, 11, 13, 14.) This Court construed Houston's initial filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 15.) This Court then dismissed the petition as moot because Houston filed a notice of change of address, showing he was released from the Nevada Department of Corrections and was residing in Iowa. (*Id.*) Judgment was entered on October 8, 2019. (ECF No. 16.) Following entry of judgment, Houston filed a motion for submission of declaratory statement, motion for production of complete files, motion for recognition of cognizability, motion to reopen case, motion for reconsideration, motion for preliminary injunction, supplement to motion for preliminary injunction, and declaration of indigency. (ECF Nos. 17, 18, 19, 20, 21, 22, 23, 24.) This Court denied the motions. (ECF No. 25.) Houston then filed a motion to compel, which this Court also denied. (ECF Nos. 29, 30.)

Now, over three years after judgment was entered, Houston moves to reopen this case. (ECF No. 34.) While Petitioner's motion is fairly nonsensical, it appears that the motion is in regard to a new judgment of conviction from 2021. (*See id.* at 3.) Indeed, according to the Nevada Department of Correction's inmate locator search, it appears that Houston started serving a sentence pursuant to a new judgment of conviction for aggravated stalking on September 4, 2021. Because (1) Houston is incarcerated under a new judgment of conviction that was not even filed when the instant case was decided and (2) Houston's sentence in his DUI case fully expired on July 16, 2020, the Court finds no basis to reopen this action. If Houston wishes to seek relief in this Court based on his 2021 judgment of conviction, he must file a new action, with a new case number, on the correct court-required form.

Further, this action has been, and remains, closed. This Court will direct the Clerk of Court to designate Houston as a restricted filer in this matter and to not accept any further filings in this closed action other than a notice of appeal from this order.

IT IS THEREFORE ORDERED that Petitioner's motion to reopen (ECF No. 34) is denied.

IT IS FURTHER ORDERED that the Clerk of Court designate Petitioner Matthew Houston as a restricted filer in this matter and that the Clerk shall return unfiled any further papers submitted by Houston in this matter other than a notice of appeal from this order.

IT IS FURTHER ORDERED that, to the extent required, a certificate of appealability is denied, as jurists of reason would not find the district court's disposition of Houston's motion to be debatable or incorrect.

Dated: February 15, 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT